UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JOSE CRISTOBAL CARDONA, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:20-cv-00035-GFVT |
| ) | |
| v. ) | |
| ) | |
| HECTOR JOYNER, Warden, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Respondent. ) | **ORDER** |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Jose Cristobal Cardona is an inmate currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without an attorney, Cardona has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence and has paid the $5.00 filing fee. [R. 1; R. 6.] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

# I.

In September 2001, Cardona was charged in an indictment issued by a grand jury in the United State District Court for the Western District of Texas of one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count One); one count of conspiracy to possess with intent to distribute heroin in

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count Two); one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Three); and one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Count Four).  After a jury found Cardona guilty on all four counts, he was sentenced in March 2003 to a term of imprisonment of 480 months on Count One, 240 months on Count Two, 480 months on Count Three, and 240 months on Count Four, all to run concurrently to each other, for a total term of imprisonment of 480 months.  *See United States v. Cristobal-Cardona*, 2:01-cr-251-WSS-1 (W.D. Tex. 2001).

Cardona's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit in April 2008.  *Id*. at R. 398.  In June 2008, Cardona filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Cardona's § 2255 motion was partially granted, but only with respect to his claim that he was entitled to a new sentencing hearing following a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), to determine whether Cardona knowingly and voluntarily waived his right to counsel at sentencing.  *Id*. at R. 493; R. 495.  After holding a *Faretta* hearing on August 27, 2009, the district court found that Cardona waived the right to legal representation by counsel at sentencing, *id*. at R. 508, and Cardona was then re-sentenced to the previously-imposed 480-month term of imprisonment on December 15, 2009.  *Id*. at R. 587.  His subsequent efforts to seek relief from his sentence through various motions for relief from judgment and requests to supplement his § 2255 application in the sentencing court, as well as at least two other petitions filed pursuant to 28 U.S.C. § 2241 in this Court, have been unsuccessful.  *See Cardona v. Kizziah*, 7:17-cv-91-KKC (E.D. Ky. 2017) (dismissing Cardona's § 2241 petition claiming that he has been subjected to "involuntary servitude" because he was

"forced to represent [himself]" in his criminal prosecution); *Cardona v. Sepanek*, No. 7:16-cv-83-KKC (E.D. Ky. 2016) (same).

Cardona has now filed a new petition pursuant to 28 U.S.C. § 2241 in this Court, arguing that he is entitled to relief from his sentence in light of the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). Specifically, Cardona claims that he was sentenced as a "Career Offender" under the Sentencing Guidelines and that, in light of *Havis*, he is "retroactively innocent of Career Offender sentence in both 5th and 6th Circuits." [R. 1 at 5.] However, the Court must deny relief because Cardona's claims is not cognizable in a § 2241 habeas corpus petition and because it is without merit.

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually

3

innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)

Here, Cardona purports to challenge the enhancement of his sentence resulting from his alleged classification as a Career Offender under the Sentencing Guidelines. The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, a prisoner may only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit further expressly limited its decision in *Hill* to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599. Finally, the Sixth Circuit

4

has made it clear that the retroactive case of statutory interpretation on which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Court of Appeals.  *See Hill*, 836 F.3d at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

Cardona does not meet the foregoing requirements.  First, Cardona's petition is based on a false factual premise – that Cardona was subject to an enhanced sentence as a "Career Offender" under the Sentencing Guidelines.  Cardona made a similar claim that he was erroneously subject to the "Career Offender" enhancement provided by the Sentencing Guidelines in the direct appeal of his sentence to the Fifth Circuit.  The Fifth Circuit specifically noted that, although Cardona claimed that he was subject to the "career offender enhancement," this statement was inaccurate, as Cardona's "PSR indicates the career offender enhancement was not applied to him because his base offense level was higher than the offense level from the career offender table."  *See United States v. Cardona*, No. 03-50150 (5th Cir. March 10, 2008) at p. 19.[2]  The Fifth Circuit further found that the district court's calculation of Cardona's criminal history category was correct and otherwise affirmed the district court's application of the United States Sentencing Guidelines.  *Id*.  For this reason alone, Cardona's claim in his § 2241 petition that his sentence was improperly enhanced by the Career Offender provisions of the Sentencing Guidelines is without merit.

---

[2] The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).  *See also* Fed. R. Evid. 201(b)(2).

Nor was Cardona's current sentence imposed under a pre-*Booker* mandatory Guidelines regime. To be sure, Cardona was originally sentenced pre-*Booker* in March 2003. On appeal, the Fifth Circuit found that it was unnecessary to vacate Cardona's sentence post-*Booker*, as any error in sentencing Cardona under mandatory Sentencing Guidelines did not affect his substantial rights. *Id*. at 23-24. The Fifth Circuit explained that Cardona's Sentencing Guidelines calculation recommended a range of 360 months to life imprisonment, thus the district court's sentence of 480 months was ten years over the lower limit of his Guidelines range, indicating that he would have received the same sentence under an advisory sentencing regime. *Id*.

As predicted by the Fifth Circuit, when Cardona was re-sentenced under an advisory sentencing regime in 2009 (four years after *Booker* was issued), the district court imposed the same sentence imposed previously. *See United States v. Cristobal-Cardona*, 2:01-cr-251-WSS-1 (W.D. Tex. 2001) at R. 587. Thus, because Cardona was re-sentenced post-*Booker*, Cardona's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his underlying sentence. *See Loza-Gracia v. Streeval*, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

In addition, Cardona does not rely on a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required to proceed with his claim in a § 2241 petition via the savings clause of § 2255(e).  *See Hill*, 836 F.3d at 600; *Hueso*, 948 F.3d at 326.  Instead, Cardona relies on the Sixth Circuit's decision in *Havis* which is, of course, not a Supreme Court decision.  In *Hueso*, the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings."  *Hueso*, 948 F.3d at 333 (emphasis added).[3]

Nor has Cardona "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion."  *Wright*, 939 F.3d at 706.  Indeed, Cardona raised a challenge to the applicability of the Career Offender provisions of the Guidelines on direct appeal (which the Fifth Circuit construed as a challenge to the district court's calculation of Cardona's criminal history category, since Cardona was not sentenced as a Career Offender) and his challenge was rejected by the Fifth Circuit.  *See United States v. Cardona*, No. 03-50150 (5th Cir. March 10, 2008) at 17, 19.  Although Cardona raised a plethora of arguments in his § 2255 motion to vacate (and in his multiple supplements to his motion), a challenge to the calculation of his sentence under the Sentencing Guidelines was not among them.  *See United States v. Cristobal-Cardona*, 2:01-cr-251-WSS-1 (W.D. Tex. 2001) at R. 495 (district court's 135-page Memorandum Opinion and Order thoroughly analyzing Cardona's many claims for relief presented in his § 2255 petition and rejecting all but his *Faretta* claim).

---

[3] It is worth noting that Cardona's reliance on *Havis* also appears to be misplaced as a substantive matter.  In *Havis*, the Sixth Circuit held that "attempt" crimes do not qualify as a predicate "controlled substance offense" for purposes of the Career Offender provisions of the Sentencing Guidelines.  *See Havis*, 927 F.3d at 387.  However, because Cardona was not sentenced as a Career Offender under the Guidelines, *Havis* does not apply to him.

However, having raised this challenge to his sentence on direct appeal, there is no reason that Cardona could not have also raised it in his original § 2255 motion. Similarly, Cardona has previously filed at least two other § 2241 petitions in this Court in which he could have also raised his claims for relief from his sentence.[4] Thus, because Cardona cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Id.* at 706.

For all of these reasons, Cardona does not fall within the limited exception recognized by *Hill* and *Wright*, and, therefore, he may not challenge his sentence in this § 2241 proceeding. In the alternative, his claim for relief from his classification as a "Career Offender" under the Sentencing Guidelines is without merit, as he was not classified as a Career Offender at sentencing.

Accordingly, it is hereby **ORDERED** as follows:

1. Cardona's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

---

[4] Although the Court declines to dismiss Cardona's petition as an abuse of the writ at this time, Cardona is advised that the Court is unlikely to be so forgiving in the future. *See Sanders v. United States*, 373 U.S. 1, 18 (1963) ("[I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground…Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay."); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765 (6th Cir. 2008) ("Although habeas corpus petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 habeas petitions, courts may decline to address claims brought repeatedly.") (citing 28 U.S.C. § 2244(a)).

This 30th day of April, 2020.

Gregory F. Van Tatenhove
United States District Judge

9